IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-10061
Conference Calendar

---

JESSE HERNANDEZ GARCIA,

Plaintiff-Appellant,

versus

DARWIN D. SANDERS; TIMOTHY REVELL, DR.; K. RATHARAJAH, DR.;
PATRICIA W. GUERRERO; CHARLES RIDGE, DR.; ARNOLD KAMAN, DR.;
DR. RANAGHAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-0099
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesse Hernandez Garcia, Texas prisoner #686481, appeals from the dismissal of his civil rights action as frivolous and for failure to state a claim. Garcia contends that the magistrate judge should have appointed a certified interpreter to assist him at his hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (1985); that he did not waive his right to a certified interpreter; that the use of a prison-system interpreter gave rise to an impermissible conflict of interest; that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge was not authorized to preside over his *Spears* hearing or conduct pretrial proceedings; and that the magistrate judge should have allowed him to show his injuries at the *Spears* hearing.

Garcia did not raise any issues regarding the interpreter or the magistrate judge's authority in the district court. His contentions therefore are reviewed for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).

Garcia has not demonstrated plain error regarding the interpreter at the *Spears* hearing. Based on the magistrate judge's finding that attempts had been made to determine the source of Garcia's pain, there was no deliberate indifference to his serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The magistrate judge was authorized to preside over the *Spears* hearing. 28 U.S.C. § 636(b)(1)(B). Garcia has failed to show error, plain or otherwise, regarding the magistrate judge's authority.

Garcia has not shown an abuse of discretion regarding the denial of his apparent request to show his injuries. *United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir. 1993). The magistrate judge did not question that Garcia was hurt and did not question the existence of any particular injuries.

Garcia's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Garcia's complaint and this court's

dismissal of the appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Garcia is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.